Davis, J.
The petition in this case may be considered from two points of view. It may be regarded as an action in slander, or as an action to recover damages for consequential injuries resulting from an alleged slander upon a third person. On the first reading it would seem that the pleader regarded the slanderous, words as affecting the plaintiff directly, and brought the action upon the theory that the plaintiff had been slandered touching its business. If we interpret the petition in this way the action cannot be sustained. Although a corporation may sue for a slander upon it in the way of its business or trade, it cannot sue for a slander upon one of its stockholders or officers, if the slander be not in direct relation .to the trade or business of the corporation; because the fight of action is personal and is confined strictly to the person of whom the slanderous language was uttered. This is especially so when the words impute to the individual a crime, as in this case. Newell on Libel and Slander, 360. State v. Cincinnati Fertilizer Co., 24 Ohio St., *86 611. The words here charged were spoken of Maher and of him alone. It is not alleged that they were spoken of, or in connection with, the plaintiff or its business. So that, the plaintiff could not maintain this action as an action for slander.
When we regard the case in the other aspect, it is not so easy to formulate a general rule for all cases, although the general principles involved are clear enough, and Ave readily reach a satisfactory conclusion as to the case at bar. In general, every man must be taken to be answerable for the necessary consequences of his oato wrongful acts; and so also if the result is so clearly the natural outcome, in sequence, that he ought to have contemplated it when he spoke the Avords, Avhether he actually did so or not. No good reason appears Avhy these principles should not be applied to the consequences of words spoken, as Avell as of things done. And this would seem to be the law whether the words were actionable slander or not. This seems to be tb,e foundation of the decision in Riding v. Smith, 1 L. R. Ex. Div., 91, which is the authority upon which the circuit court reversed the judgment of the common pleas. But the circuit court misconceived the scope of the case cited, and misapplied it, as Ave think, in the decision of this case. Riding v. Smith, was an action by husband and wife to recover for language imputing unchastity to the wife. As the words were not actionable per se, and it appeared on the trial that there was no special damage to the wife, she was dismissed from the case, upon the application of the counsel for the plaintiffs, and the case proceeded as the action of the husband alone. The allegation Avas that the wife assisted her husband in the conduct of his business and that the words complained of were falsely and maliciously spoken of the *87 wife “in relation to the business,” whereby the plaintiff was injured in his credit and business. It was held that in such a state of facts the husband might recover. It will be observed that the wife had no right of action whatever; and that the husband’s right depended wholly on the fact that the defamatory words were spoken of the tvife distinctly in relation to, and in connection with, the husband’s business, and in relation to the wife’s conduct as an assistant in such business. The petition now before us falls very far short of presenting such a case as was decided in Biding v. Smith. It discloses that the words were spoken of Maher without so much as a remote allusion to the plaintiff or its business. It does not show that they were spoken in a conversation of or concerning the plaintiff, or of its business, or of Maher’s relation thereto. It is true that it is alleged that the words were spoken of Maher, knowing that he was treasurer and general manager of the plaintiff; but that is by no means an averment that the words, which only import a charge against Maher’s personal character, were spoken in direct relation to the plaintiff’s business and to Maher’s connection therewith. Tbe court of common pleas, therefore, properly sustained the demurrer to the petition and properly gave judgment for the defendant; and the reversal of that judgment by the circuit court was erroneous.

The judgment of the circuit court is reversed and that of the common pleas affirmed.